**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **MERIDEE ALBRECHT**, | ) Case No. 2:09-cv-01694-JCC |
| Plaintiff, | ) |
|  | ) **PLAINTIFF'S MOTION TO DISMISS** |
|  | ) **AND/OR STRIKE DEFENDANT'S** |
| vs. | ) **COUNTERCLAIMS** |
|  | ) |
| **RENTON COLLECTIONS, INC.**, | ) |
|  | ) |
| Defendant. | ) ***JURY TRIAL DEMANDED*** |
|  | ) |

## I. STATEMENT OF FACTS.

On November 30, 2009 Plaintiff filed her original Complaint against Defendant alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, violations of the Revised Code of Washington, Chapter 19.16, and for common law invasion of privacy. (Document 1).

On January 15, 2010 Defendant filed its Answer to Plaintiff's Complaint. (Document 6). Defendant included in its Answer to Plaintiff's Complaint two (2) separate counterclaims. (Document 6). Defendant's first counterclaim reads:

Plaintiff's Motion to Dismiss Defendant's Counterclaims-1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

6. Defendant RCI is a Washington corporation in good standing, has paid all fees and has satisfied all bonding and licensing requirements as a collection agency.

7. Plaintiff is a single woman residing in King County, Washington.

8. Plaintiff became indebted to Valley Orthopedic Associates for medical care, goods and services as follows:

   (a) $614.08 on 6/2/2008. Defendant made a payment of $50.00 and the principal balance of this debt is now $564.08. Interest to date at 12% per annum is $98.94;

   (b) $98.00 on 6/9/2008. Interest to date at 12% per annum is $15.78;

   (c) $10.00 on 5/16/2008. Interest to date at 12% per annum is $1.67.

9. Payment for these services has been demanded without avail and the debts remain unpaid. Plaintiff does not deny the validity of the above entitled allegations in Sections 8(a), (b), and (c) of this Counterclaim, by virtue of her own Factual Allegations in the Complaint Section IV, 7(b).

10. The claims of Valley Orthopedic Associates have been duly assigned to RCI for collection.

(See Document 6).

Defendant's second counterclaim reads:

11. Plaintiff's action is not well grounded in fact, is not warranted by existing law, is interposed for improper purposes such as harassment and to cause

Plaintiff's Motion to Dismiss Defendant's Counterclaims-2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

> unnecessary delay and needless increase in the cost of litigation, and the factual contentions are not warranted on the evidence, nor are they based on reasonable belief.

(See Document 6).

## II. DISTRICT COURTS CONSISTENTLY REFUSE SUPPLEMENTAL JURISDICTION OVER COUNTERCLAIMS TO COLLECT UNDERLYING DEBTS IN ACTIONS FILED PURSUANT TO THE FDCPA BASED UPON "COMPELLING REASONS", AND BECAUSE SUCH COUNTERCLAIMS ARE LIKELY TO "SUBSTANTIALLY PREDOMINATE" OVER CLAIMS FOR WHICH THE DISTRICT COURTS MAINTAINS ORIGINAL JURISDICTION.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365 (1978). Federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States" and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Here, while original jurisdiction exists over Plaintiff's claims under the FDCPA, original jurisdiction does not exist over Defendant's state-law counterclaims. Diversity jurisdiction cannot provide an independent jurisdictional basis for Defendant's counterclaims because the amount Defendant is claiming is not over $75,000, as 28 U.S.C. § 1332 requires. The only basis for jurisdiction over Defendant's counterclaims is that found under 28 U.S.C. § 1367, the federal statute providing for supplemental jurisdiction. 28 U.S.C. §1367(a) (granting federal courts supplemental jurisdiction over state law counterclaims "that are so related to claims in the action within such original

Plaintiff's Motion to Dismiss Defendant's Counterclaims-3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Notwithstanding the existence of supplemental jurisdiction over a counterclaim, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Significant, courts throughout the Ninth Circuit continually decline supplemental jurisdiction over a debt collector's counterclaim relating to the underlying debt in actions filed pursuant to the FDCPA. Generally, district courts have found not only that counterclaims to collect an underlying debt do not involve the same controversy, the same evidence, or the same federal law and policy, but that refusal to decline supplemental jurisdiction over such counterclaims would impede the expeditious enforcement of the policies giving rise to enactment of the FDCPA and would have a chilling effect on the exercise of consumers' rights under the FDCPA. *See Campos v. W. Dental Servs., Inc*., 404 F. Supp. 2d 1164 (N.D. Cal 2005) (declining to exercise its discretion to hear counterclaim on contract and noting that refusal to dismiss collection counterclaim would chill consumers' right under the FDCPA); *Sparrow v. Mazda Am. Credit,* 385 F. Supp. 2d 1063 (E.D. Cal.

Plaintiff's Motion to Dismiss Defendant's Counterclaims-4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

2005) (fining the district court maintained supplemental jurisdiction over the debt collector's counterclaims for the underlying debt, but refusing to exercise supplemental jurisdiction because of the chilling effect that it would have on consumers' rights to pursue remedy under the FDCPA); *see also Cabrera v. Courstey Auto, Inc*., 192 F. Supp. 2d 1012 (D. Neb. 2002) (dismissing counterclaim and noting by analogy to a case filed pursuant to the FDCPA that a counterclaim for the underlying debt in a Truth in Lending Act action was permissive and not compulsory).

In the instant matter, Defendant's counterclaims are not compulsory, but rather permissive. Accordingly, because compelling reasons exist for declining supplemental jurisdiction, and for reason that Defendant's counterclaims are likely to substantially predominate over Plaintiff's claims for which this Court maintains original jurisdiction, Plaintiff requests that this Court dismiss and/or strike Defendant's counterclaims.

### A. Defendant's Counterclaim Is Not A Compulsory Counterclaim, But Rather Permissive.

All counterclaims that are not compulsory are "permissive." Permissive counterclaims are claims that do "not aris[e] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b). In determining if the counterclaim is compulsory, the Ninth Circuit applies a "logical relationship test," where the court "analyze[s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Amer.,* 827 F.

Plaintiff's Motion to Dismiss Defendant's Counterclaims-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

2d 1246, 1249 (9th Cir.1987), quoting *Harris v. Steinem,* 571 F. 2d 119, 123 (2d Cir.1978)).

"[B]reach of contract counterclaims for the underlying debt are not "logically connected" to the unfair-collection-practices claim, despite that they both relate to the same debt." *Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063 (E.D. Cal. 2005), citing *Leatherwood v. Universal Bus. Serv. Co.,* 115 F.R.D. 48 (W.D. N.Y.1987); *Hart v. Clayton-Parker and Assoc., Inc.,* 869 F. Supp. 774 (D.Ariz.1994). "While the debt does provide some factual connection between the claims, because they arise out of the debt, the legal issues and evidence relating to the claims are considered sufficiently distinct so as not to meet the 'logical relationship' test." *Id.*

In particular, the district court for the Western District of New York stated:

> The [FDCPA claim] relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the defendants. On the other hand, [the defendant's] counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach. The claim and counterclaim are, of course, "offshoots" of the same basic transaction, but they do not represent the same basic controversy between the parties.
> \*   \*   \*
> [T]he FDCPA claim involves the enforcement of federal policy and federal statutory law concerning a debt collector's conduct in collecting a debt. This claim does not concern any obligations created by the underlying debt. In

Plaintiff's Motion to Dismiss Defendant's Counterclaims-6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

contrast, the counterclaim alleges that the plaintiff has defaulted on a private contract governed by state law.

*Leatherwood*, 115 F.R.D. at 49-50.

### 1. Defendant's Counterclaim Does Not Arise From The Same Set Of Operative Facts As Plaintiff's Action Under The FDCPA.

Defendant's counterclaim to collect the subject debt does not arise out of the same aggregate set of operative facts as Plaintiff's action filed pursuant to the FDCPA. Defendant's counterclaims are based on Plaintiff's alleged indebtedness to Valley Orthopedic Associates for medical care, goods and services. (See Document 6). In particular, Defendant notes that "[p]ayment for these services has been demanded without avail and the debts remain unpaid … [t]he claims of Valley Orthopedic Associates have been duly assigned to RCI for collection." (Document 6). Contrary, Plaintiff's action invokes a statutory penalty designed to enforce federal policy implemented to protect consumers from unscrupulous collectors by prohibiting unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. Plaintiff's action under the FDCPA is based on the commission of prohibited debt collection practices.

While Defendant's action to collect the underlying debt and Plaintiff's claim for violations of the FDCPA unavoidably touch upon one another, the two claims bear no logical relation to one another. Mere overlap of issues raised in both cases does not

Plaintiff's Motion to Dismiss Defendant's Counterclaims-7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

denote that Defendant's action to collect a debt arises from the same transaction or occurrence as does Plaintiff's action to enforce federal policy regulating the practices for the collection of debts. Defendant's counterclaims involve only a private loan contract governed in part by state law. In short, Plaintiff's action involves not the loan itself, but the use of unfair methods to collect it. The sole connection between Plaintiff's action and Defendant's counterclaims is that of the initial execution of the loan document.[1]

### 2. Rights Or Interests Potentially Established By Defendant's Counterclaims Neither Would, Nor Could, Be Destroyed Or Impaired By Plaintiff's Action.

With regard to Defendant's counterclaims and Plaintiff's action under the FDCPA, the filing of one action does not "activate" the filing of the other in a circumstance in which the second action might otherwise remain dormant. Defendant can pursue a collection suit for the recovery of a consumer debt whether Plaintiff complains about its collection practices or not. The two actions do not depend on each other.

---

[1] Such a connection has been deemed so insignificant that compulsory adjudication of actions identical to that brought by Plaintiff and Defendant is not required. *See Peterson v. United Accounts, Inc.,* 638 F.2d 1134 (8th Cir. 1981) (holding that an action under the federal Fair Debt Collection Practices Act is not a compulsory counterclaim to an action to collect the debt); *Egge v. Healthspan Servs. Co.,* 115 F. Supp. 2d 1126 (D. Minn.2000) (recognizing that "[m]any courts note that no court has found that an FDCPA suit was a compulsory counterclaim to a debt collection action"); *Maddox v. Ky. Fin. Co.,* 736 F. 2d 380 (6th Cir.1984) (holding that a claim for an underlying debt is not a compulsory counterclaim to an action under the federal Truth in Lending Act); *Whigum v. Heilig-Meyers Furniture, Inc.,* 682 So. 2d 643 (Fla. 1st DCA 1996) (holding that an action to collect debt for the purchase of consumer goods is not a compulsory counterclaim to an action under the FCCPA);

Plaintiff's Motion to Dismiss Defendant's Counterclaims-8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

### 3. Defendant's Counterclaim and Plaintiff's Action Under The FDCPA And Do Not Involve Infringement Of The Same Right.

Defendant's counterclaim is based, it seems, in contract. Stated otherwise, Defendant's counterclaims assert a demand for relief as it relates to Plaintiff's alleged failure to pay in full to a third party an amount of $614.08. (See Document 6). Defendant's counterclaims, although not specifically stated, appear to have allegedly arisen against the backdrop of Washington state law. (See Document 6).

The FDCPA is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing

Plaintiff's Motion to Dismiss Defendant's Counterclaims-9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

Plaintiff's Motion to Dismiss Defendant's Counterclaims-10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Defendant's counterclaims and Plaintiff's action filed pursuant to the FDCPA raise different legal and factual issues governed by different bodies of law. The rights and obligations of Plaintiff and Defendant with respect to their respective claims and counterclaims hinge on different facts and different legal principles. Defendant's counterclaims and Plaintiff's action do not involve infringement of the same right.

**B.    Declining To Exercise Discretion Over Defendant's Counterclaim Is Supported By Public Policy, The Rationale Underlying The FDCPA, And The Potential That Defendant's Counterclaim May Substantially Predominate Over Plaintiff's Original Federal Claim.**

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection 28 U.S.C. §1367(a) if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

Even if supplemental jurisdiction exists over a defendant's counterclaim, a district court may decline to exercise that jurisdiction. In the matter at hand, strong policy reasons favor declining the exercise of supplemental jurisdiction over Defendant's counterclaims. What's more, Defendant's counterclaims may

Plaintiff's Motion to Dismiss Defendant's Counterclaims-11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

"substantially predominate over the claim or claims over which the district court has original jurisdiction."

### 1. Allowing A Debt Collector To Bring An Action For The Underlying Debt In A Case Brought Under The FDCPA May Deter Litigants From Pursuing Their Rights Under The FDCPA.

A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt. *Baker v. G.C. Services Corp,* 677 F.2d 775, 777 (9th Cir. 1982) ("The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992) ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *Keele v. Wexler ,* 149 F. 3d 589, 594 (7th Cir. 1998) ("[T]he plaintiff who admittedly owes a legitimate debt has standing to sue if the [FDCPA] is violated by an unprincipled debt collector.").

Accordingly:

> To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this. Moreover, it would involve this Court in questions of no federal significance. Given the remedial nature of the FDCPA "and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of ... the target of the

Plaintiff's Motion to Dismiss Defendant's Counterclaims-12

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

very legislation under which" a FDCPA plaintiff states a cause of action.

*Leatherwood,* 115 F.R.D. at 50, quoting *Roberts v. Nat'l Sch. of Radio & Television Broadcasting,* 374 F.Supp. 1266, 1271 (N.D. Ga.1974)).

### 2. Defendant's Counterclaims May Substantially Predominate Over The Claim Or Claims Over Which The District Court Has Original Jurisdiction.

Defendant's counterclaim to collect the alleged underlying debt encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff, and monetary damages resulting from the breach. *Leatherwood,* 115 F.R.D. at 49-50.  Defendant, as the party on whom the burden of proof rests with regard to its counterclaims, must demonstrate, at the most basic level, the sufficiency of its evidence, standing to collect the alleged debt, specificity of a cause of action pursuant to which Defendant may properly seek to collect the alleged debt, and the lack of valid defense precluding its debt collection efforts.  Potential defenses relating to debt collection actions include, but are not limited to, settlement or discharge of the alleged debt, mistake as to the identity of an alleged debtor, statutes of limitations, legal invalidity of an alleged debt, incapacity or legal incompetence, and lack of proof as to commercial reasonableness.  Courts presiding over debt collection actions must also consider the potential for necessary review of post-judgment actions ancillary to debt collection efforts such as wage garnishment.

Plaintiff's Motion to Dismiss Defendant's Counterclaims-13

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Adjudication of Defendant's counterclaims very well may be considerably more time consuming than the adjudication of Plaintiff's straightforward claims for violation of the FDCPA. As such, Defendant's counterclaims may substantially predominate over Plaintiff's for which this Court maintains original jurisdiction. The same would inevitably divert time from litigants in other cases patiently waiting in the queue for the limited time of federal judges.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order dismissing and/or striking Defendant's counterclaims.

Dated this 30th day of November, 2009.

s/Jon N. Robbins
Jon N. Robbins, WSB#28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on the 2nd day of February, 2010, I electronically filed the foregoing document through the Court's CM/ECF System and notice of said filing was transmitted via electronic notification and by US Mail to:

Retacco Law Offices Inc., P.S.
30640 Pacific Hwy. S. Ste C-1
Federal Way, WA 98003

s/Jon N. Robbins

Plaintiff's Motion to Dismiss Defendant's Counterclaims-14

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com