UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MERIDEE ALBRECHT,<br><br>Plaintiff,<br><br>Vs.<br><br>RENTON COLLECTIONS INC.,<br><br>Defendant. | NO: 2:09-cv-01694-JCC<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS** |

COMES NOW THE DEFENDANT through its attorney of record and responds to the plaintiff's Motion to Dismiss Defendant's Counterclaims as follows:

I. **Plaintiff's motion addresses counterclaim No. 1 only and makes no argument regarding dismissal of counterclaim No. 2, therefore the only issue before the court is in regards to the first counterclaim**

The plaintiff is petitioning this court to dismiss both counterclaims; however its motion does not raise an argument or any grounds whatsoever for dismissal of counterclaim number two.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIMS- 1**

Retacco Law Offices Inc. P.S.
30640 Pacific Hwy. S. Ste C-1
Federal Way WA 98003
Tel. 253-941-1161
Fax. 253- 839-1941
E-mail: wretacco@aol.com

As such, the only issue before this court on plaintiff's motion to dismiss the counterclaims is as to *counterclaim No. 1*.

## II. Defendant's counterclaim No. 1 is compulsory because it is logically related to the plaintiff's complaint and arises out of the same transaction or occurrence that form the basis for plaintiff's complaint.

A compulsory counterclaim is one that arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. It falls within the ancillary jurisdiction of the federal court even if it would ordinarily be a state court matter. The test for determining whether or not a counterclaim is compulsory is the "logical relationship test" in which the court will "analyze whether the essential facts or the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of America*, 827 F. 2d 1246 (9th Cir. 1987), quote from *Harris v. Steinem*, 571 F. 2d 119, 123 (2d Cir. 1978).

The facts of the plaintiff's complaint as well as evidence and issues, overlap with defendant's counterclaim No. 1. The plaintiffs allege in section IV(b) that in its communication with the plaintiff the defendant was "falsely representing the character, amount, or legal status of plaintiff's debt, including representing that plaintiff owes $2500 for a debt with a balance of $820.18 as stated in a letter by defendant dated July 22, 2009 (1692e(2)(A)." In order to prove that the defendants misrepresented the amount of the debt, the plaintiff will have to show the true amount of the debt. The factual background, including the services received by the plaintiff, billing and outstanding balances will all come into evidence to prove this allegation and this evidence is the same evidence the defendants will use to prove its allegations in counterclaim No. 1. The present case and issues are not analogous to the cases cited by the plaintiffs to show that the federal district courts have

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIMS- 2

Retacco Law Offices Inc. P.S.
30640 Pacific Hwy. S. Ste C-1
Federal Way WA 98003
Tel. 253-941-1161
Fax. 253- 839-1941
E-mail: wretacco@aol.com

consistently disallowed counterclaims of the underlying debts in FDCPA cases because of their own allegations against the defendant.

Not only are there similar facts, issues and evidence between certain allegations in the plaintiffs complaint and the defendants counterclaim No. 1, and decision or outcome regarding the amount of the debt owed by the plaintiff will consequently effect any claims the defendant brings in state court if this counterclaim were to be dismissed.

### III.    The Court has supplemental jurisdiction over the defendant's counterclaim No. 1 under 28 USC 1367 because it forms part of the same case or controversy as that in the plaintiffs complaint

The plaintiff's allegations arise from the collection of the debt that is the subject of the defendant's counterclaim No. 1. This fact is not denied by the plaintiff. In addition, as stated above in section II, the plaintiff's own allegations tie the defendant's counterclaim No. 1 to this Court.

Plaintiff's motion to dismiss focuses on denial of supplemental jurisdiction because counterclaim No. 1 would impede expeditious enforcement of the FDCPA and have a "chilling" effect on individuals bringing FDCPA claims. However, there are other considerations for this Court in retaining jurisdiction. Claims of violations of the FDCPA do not arise independently of the underlying debt. The defendant has a right to defend itself and bring evidence that it followed all applicable laws in the collection of the debt. It should not be denied the opportunity to present all facts and circumstances surrounding the allegations. While the Court considers the effect on debtors bringing claims and plaintiff's rights, it should also consider the effects on the defendants, the potential for frivolous claims to be brought before the court, and judicial economy.

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIMS- 3

Retacco Law Offices Inc. P.S.
30640 Pacific Hwy. S. Ste C-1
Federal Way WA 98003
Tel. 253-941-1161
Fax. 253- 839-1941
E-mail: wretacco@aol.com

    A. <u>The Court should retain supplemental jurisdiction over the defendant's counterclaim No. 1 in the interests of judicial economy and because the outcome of the present case could negatively effect defendant's ability to recover and bring its claims in state court</u>

The plaintiff states that the defendants claim will not be damaged if it is dismissed and pursued in state court; however, the defendant *would* be damaged. If facts are presented and a ruling is made on the issue of the true amount of the plaintiff's debt, it will carry over to state court. The defendant's ability to prove its claim will be hindered and the defendant will be severely prejudiced. For this reason alone, the Court should find that these issues are intertwined and inseparable, and retain jurisdiction of counterclaim No. 1.

Defendant's first counterclaim arises from duly assigned debts from a medical provider for unpaid bills. The plaintiff does not deny that she received these medical services and has raised no defense to nonpayment. Forcing the defendant to pursue these claims in a separate action would be a waste of judicial time and expense as they are intertwined with the allegations brought before this court by the plaintiff. The court should exercise its discretion and retain jurisdiction of both counterclaims.

**IV.** <u>**It is the position and argument of the defendant that this court has authority to retain jurisdiction over the first counterclaim, however;** *if it is dismissed***, the FDCPA claims raised in the plaintiff's complaint should rest exclusively in federal court.**</u>

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIMS- 4**

Retacco Law Offices Inc. P.S.
30640 Pacific Hwy. S. Ste C-1
Federal Way WA 98003
Tel. 253-941-1161
Fax. 253- 839-1941
E-mail: wretacco@aol.com

If the defendant's first counterclaim is dismissed and this court hears evidence and rules on any of the facts and allegations brought by the plaintiff, she should be precluded from making the same allegations against the defendant in any subsequent actions in state court pertaining to the underlying, unpaid debt. Principles of collateral estoppel and res judicata preclude these same issues to be brought in state court if they have been decided or ruled upon in federal court.

SUMMARY AND RELIEF REQUESTED

The plaintiff hasn't made an argument *of any kind* in its motion to dismiss counterclaims on defendant's second counterclaim. In the plaintiff's proposed order, it states *"counterclaims"* should be dismissed, however only one counterclaim was addressed in its motion documents. The second counterclaim should remain and not be considered in the motion before the Court. In addition, the defendant respectfully requests that this court retain jurisdiction of defendant's first counterclaim for the reasons stated in this response. In the alternative, if the court does in fact find that the first counterclaim should be dismissed, the defendants respectfully request that this court retain exclusive jurisdiction over the matter and preclude the plaintiff from making the same allegations and claims in state court.

DATED this 14th day of January, 2010.

        S/ Wendy E. Retacco
        State Bar No. 30534
        Attorney for Defendant
        Retacco Law Offices Inc. P.S.
        30640 Pacific Hwy. S. Ste. C-1
        Federal Way, WA 98003
        Telephone: 253-941-1161
        Fax: 253-839-1941
        E-mail: wretacco@aol.com

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO DISMISS COUNTERCLAIMS- 5**

Retacco Law Offices Inc. P.S.
30640 Pacific Hwy. S. Ste C-1
Federal Way WA 98003
Tel. 253-941-1161
Fax. 253- 839-1941
E-mail: wretacco@aol.com