UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **MERIDEE ALBRECHT**, | ) Case No. 2:09-cv-01694-JCC |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S REPLY TO** |
| | ) **DEFENDANT'S RESPONSE TO** |
| vs. | ) **PLAINTIFF'S MOTION TO DISMISS** |
| | ) **DEFENDANT'S COUNTERCLAIMS** |
| **RENTON COLLECTIONS, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) ***JURY TRIAL DEMANDED*** |
| | ) |

## I.  DEFENDANT'S FIRST COUNTERCLAIM IS NOT A COMPULSORY COUNTERCLAIM.

Defendant contends that "Defendant's counterclaim No. 1 is compulsory," yet fails to cite any support for its assertion. (Document 9 at 2). Defendant fails to provide support for its contention because there is not any. To the contrary, no court has ever found state law counterclaims relating to an underlying debt compulsory to Fair Debt Collection Practices Act ("FDCPA") suits. *Egge v. Healthspan Servs. Co.,* 115 F. Supp. 2d 1126 (D. Minn. 2000) (recognizing that "[m]any courts note that no court has found

Plaintiff's Reply to Defendant's Response
to Plaintiff's Motion to Dismiss - 1
Case No. 2:09-cv-01694-JCC

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

that an FDCPA suit was a compulsory counterclaim to a debt collection action"); see also *See Peterson v. United Accounts, Inc.,* 638 F.2d 1134 (8th Cir. 1981) (holding that an action under the federal Fair Debt Collection Practices Act is not a compulsory counterclaim to an action to collect the debt); *Maddox v. Ky. Fin. Co.,* 736 F. 2d 380 (6th Cir. 1984) (holding that a claim for an underlying debt is not a compulsory counterclaim to an action under the federal Truth in Lending Act); *Whigum v. Heilig-Meyers Furniture, Inc.,* 682 So. 2d 643 (Fla. 1st DCA 1996) (holding that an action to collect debt for the purchase of consumer goods is not a compulsory counterclaim to an action under the FCCPA). In fact, federal courts continually find that "breach of contract counterclaims for the underlying debt are not 'logically connected' to the unfair-collection-practices claim, despite that they both relate to the same debt." *Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063 (E.D. Cal. 2005), citing *Leatherwood v. Universal Bus. Serv. Co.,* 115 F.R.D. 48 (W.D.N.Y. 1987); *Hart v. Clayton-Parker and Assoc., Inc.,* 869 F. Supp. 774 (D. Ariz. 1994).

Furthermore, "Defendant's counterclaim No. 1" fails to arise "out of the same transaction or occurrence that form the basis for plaintiff's complaint." (Document 9 at 2) (sic). The operative set of facts from which Plaintiff's cause of action derives consists of the Defendant's conduct in regard to the collection of a third party debt, not the circumstances relating to the alleged debt itself or the underlying contract between

Plaintiff's Reply to Defendant's Response
to Plaintiff's Motion to Dismiss - 2
Case No. 2:09-cv-01694-JCC

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

the Plaintiff and the third party creditor.  As elucidated in Plaintiff's Motion to Strike Defendant's Counterclaim, the validity of an underlying debt is irrelevant to an FDCPA claim.  (Document 7 at 12–14 (citing *Baker v. G.C. Services Corp,* 677 F.2d 775, 777 (9th Cir. 1982) ("The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992) ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *Keele v. Wexler,* 149 F. 3d 589, 594 (7th Cir. 1998) ("[T]he plaintiff who admittedly owes a legitimate debt has standing to sue if the [FDCPA] is violated by an unprincipled debt collector.")).

The FDCPA claim remains distinct from the state claim for the underlying debt in that the claims do not arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim" as determined by the "logical relationship" test adopted by the Ninth Circuit.  Fed. R. Civ. P. 13(b); *Pochiro v. Prudential Ins. Co. of Am.,* 827 F.2d 1246, 1249 (9th Cir. 1987) (adopting test from *Harris v. Steinem,* 571 F.2d 119, 123 (2d Cir. 1978)).  Defendant misinterprets the logical relationship test and its analysis, conflating it with other tests that both the Second Circuit and Ninth Circuit rejected.  Specifically, Defendant bases its analysis on the overlap of "facts, issues and evidence between certain allegations in the plaintiff's complaint and the defendants counterclaim No. 1."  (Document 9 at 3).

Plaintiff's Reply to Defendant's Response
to Plaintiff's Motion to Dismiss - 3
Case No. 2:09-cv-01694-JCC

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

However, the Second Circuit, and subsequently the Ninth Circuit, chose to adopt the logical relationship test set forth by the Supreme Court, rather than previous tests that focused "on the overlap of issues, facts or evidence between the original claim and the counterclaim." *Harris,* 571 F.2d at 123; *see Pochiro,* 827 F.2d at 1249; *see also, e.g.*, *Moore v. New York Cotton Exchange*, 270 U.S. 593, 609 (1926); *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 (1974). In "logical relationship" analysis, "precise identity of issues and evidence between claim and counterclaim is not required." *Harris,* 571 F.2d at 123. "Conversely, at some point the essential facts and "the thrust of the two claims (are) so basically different that such accepted 'tests of compulsoriness' as 'logical relation' (are) not met." *Harris,* 571 F.2d at 123 (quoting *Ball v. Connecticut Bank and Trust Co*., 404 F. Supp. 1, 4 (D. Conn. 1975).

Here the thrust of the two claims are fundamentally different as the claims are based on separate allegations, and different theories of law. They fail to form "part of the same case or controversy" as asserted by Defendant. (Document 9). Defendant's assertion that Plaintiff's "claims of violations of the FDCPA do not arise independently of the underlying debt" represents a misunderstanding of the law. (Document 9 at 3). Concluding that Defendant's autonomous violation of federal law is somehow dependant upon prior actions governed by distinct contractual obligations and according state law is illogical.

Plaintiff's Reply to Defendant's Response
to Plaintiff's Motion to Dismiss - 4
Case No. 2:09-cv-01694-JCC

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Plaintiff's claims arise out of the FDCPA, which governs the conduct parties may engage in while collecting on third party debts. Congress enacted the FDCPA with the express purpose of eliminating "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). (*See* Document 7 at 9–11). Plaintiff's claims revolve around Defendant's actions violating the FDCPA, specifically:

a. Failing to disclose Defendants true corporate or business name in a telephone call to Plaintiff (§ 1692d(6));
b. Falsely representing the character, amount, or legal status of Plaintiffs debt, including representing that Plaintiff owes $2500 for a debt with a balance of $820.18 as stated in a letter by Defendant, dated July 22, 2009 (§ 1692e(2)(A));
c. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to file a lawsuit against Plaintiff without having the actual authority to do so (§ 1692e(5));
d. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5)).

(Document 1 ¶¶ 7(a)–(d)).

The Defendant's counterclaim for the underlying debt, however, involves an alleged contract between Plaintiff and a third party, alleges Plaintiff breached such contract, and remains based in the theory of contracts and in part Washington state law. The actions of Defendant in their attempts to collect on the alleged third party debt are completely independent from the contract that was allegedly entered into by Plaintiff and a third party. While some of the facts may overlap, the core elements of Plaintiff's

Plaintiff's Reply to Defendant's Response
to Plaintiff's Motion to Dismiss - 5
Case No. 2:09-cv-01694-JCC

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

claims and Defendant's counterclaim remain so basically different that they fail to have a logical relation.

## II. DEFENDANT IS PROPERLY ABLE TO PURSUE ITS COUNTERCLAIMS FOR THE UNDERLYING DEBT IN STATE COURT.

Plaintiff's FDCPA claim regarding Defendant's misrepresentation of "the character, amount, or legal status of Plaintiffs debt" contains only one issue shared by the Defendant's state claim on the underlying debt, the alleged amount. Defendant's claim could not be damaged as Defendant would have full right and ability to effectively argue the issue in front of this court and still be able to argue the variety of additional elements of its state law claim, which would remain unaffected by the doctrine of *res judicata*. The additional elements of Defendant's state law claim are rightfully reserved for the state court to decide, not only for the policy reasons discussed in Plaintiff's Motion to Dismiss Defendant's Counterclaims, but also due to the considerable time required to adjudicate the state law claim. (*See* Document 7). Where the FDCPA claim may take one day trial time, the Defendant's state law counterclaim, generally including many more defenses and many more witnesses, could take several more. Where Plaintiff's FDCPA claims might require a certain amount of discovery, Defendant's state law counterclaim could require significantly more. This would encompass considerable time and resources of the federal courts that would otherwise be allocated toward other federal causes of action.

Plaintiff's Reply to Defendant's Response
to Plaintiff's Motion to Dismiss - 6
Case No. 2:09-cv-01694-JCC

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**III.   DEFENDANT'S SECOND COUNTERCLAIM FAILS TO STATE A CLAIM FOR RELIEF.**

Defendant's second counterclaim fails to state a claim and does not qualify as an affirmative defense either. A counterclaim is no different than a claim, in which the pleading party must "state a claim for relief." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant faire notice of what the . . . claim is and the grounds upon which it rests" *Conely v. Gibson*, 355 U.S. 41, 74 (1957). The Federal Rules also list nineteen affirmative defenses, none of which are asserted in Defendant's second counterclaim. Fed. R. Civ. P. 8(c)(1). Defendant's counterclaim fails to ask for any relief, fails to show that the pleader is entitled to relief, and fails to state an affirmative defense.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order dismissing and/or striking Defendant's counterclaims.

Dated this 24th day of February, 2010.

s/Jon N. Robbins
Jon N. Robbins, WSB#28991
WEISBERG & MEYERS, LLC

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

Plaintiff's Reply to Defendant's Response
to Plaintiff's Motion to Dismiss - 7
Case No. 2:09-cv-01694-JCC

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1  I certify that on the 24th day of February, 2010, I electronically filed the foregoing document through the Court's CM/ECF System and notice of said filing was transmitted via electronic notification and by US Mail to:

Retacco Law Offices Inc., P.S.
30640 Pacific Hwy. S. Ste C-1
Federal Way, WA 98003

s/Jon N. Robbins

Plaintiff's Reply to Defendant's Response
to Plaintiff's Motion to Dismiss - 8
Case No. 2:09-cv-01694-JCC

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com